E-FILED
Tuesday, 08 February, 2022 09:53:16 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JESSIE ROY HAWKINS DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 21-cv-1303-JBM** |
| | ) | |
| **JUDGE THOMAS EWING, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and detained at the Fulton County Jail ("Jail"), asserts an action under 42 U.S.C. § 1983, against the Jail, Fulton County Judge Thomas Ewing, State's Attorney Justin Jochums, Sheriff Jeff Standard, the Fulton County Sheriff's Department, and the Ninth Judicial Circuit, alleging that he has been wrongfully detained and convicted. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**FACTS**

Plaintiff has filed a sparsely pled complaint alleging that he has been held due to a case of mistaken identity. Plaintiff pleads against the Defendants in the collective, alleging that they

knowingly "convicted" and detained him "under the wrong name and social…" While Plaintiff is presumed to currently be a pretrial detainee, he speaks of a conviction and inexplicably claims that he has been subjected to misconduct, not particularly identified, which has gone on since 2006. Plaintiff asked to be acquitted of all charges and to be awarded money damages.

**ANALYSIS**

Plaintiff's complaint must fail for several reasons. Plaintiff admits that there was a grievance procedure at the Jail, but he did not file a grievance, rather filing a motion to dismiss under 725 ILCS 5/114-1(a)(10). This statute provides that a Defendant may move to dismiss a criminal indictment, information, or complaint if he is "misnamed in the charge and the misnomer results in substantial injustice to the Defendant." Filing a motion to dismiss in state court, however, will not satisfy the Prisoner Litigation Reform Act requirement that an inmate exhaust all available administrative remedies prior to filing suit. 42 U.S.C.§ 1997(e)(a). *See Kincaid v. Sangamon County,* 435 Fed. Appx. 533, 536–537, 2011 WL 2036441 at *3 (7th Cir. 2011) (recognizing that the § 1997e(a) exhaustion requirement applies to jail as well as prison grievance procedures). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Plaintiff's complaint also appears to mis-join various claims which occurred over a 16-year period. In addition, it is likely that some of these claims are well beyond the applicable statute of limitations which, in a case arising in Illinois, is two years. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011); 735 ILCS 5/13-201. *See Davenport v. Dovgin*, 545 Fed. Appx. 535, 538 (7th Cir. 2013). "[A] court may dismiss a claim as time–barred if the complaint sets forth the necessary information to show that the statute of limitations has expired".

Plaintiff's complaint is so devoid of detail, that it fails to place any prospective Defendant on notice of the claims against him. *See Edmondson v. Decatur County Det. Ctr.*, No. 21-00499, 2021 WL 3129457, at *3 (S.D. Ind. July 23, 2021) ("[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation..... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.") *See also, Prindable v. Watson.*, No. 21-697, 2021 WL 3089125, at *1 (S.D. Ill. July 22, 2021) ("[p]laintiffs are required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and can properly answer the complaint.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).

Even if it were otherwise, many of the Defendants whom Plaintiff holds accountable are not amenable to suit. Plaintiff names Judge Ewing and State's Attorney Jochums who are immune from liability. *See Jackson v. Marion Police Dept*., No. 20-456, 2021 WL 1578385, at *2 (N.D. Ind. Apr. 22, 2021) ("both the prosecutor and the judge have absolute immunity for any actions done in the course of a judicial proceeding.), citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Imbler v. Pachtmen*, 424 U.S. 409, 430 (1976). Similarly, the Ninth Judicial Circuit and the Jail may not be named in a § 1983 action as neither is a "person" as contemplated under the statute. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001) (a county jail is not a person who acts under color of state law). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("[t]he 'Sangamon County Jail' is not a 'person' that may be sued under § 1983." *See also, Maier v. Wood County Courthouse,* No. 07-580, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007). In addition, these state agencies enjoy Illinois' Eleventh Amendment immunity from suit. *Quern v. Jordan,* 440 U.S. 332 (1979).

Lastly, Plaintiff cannot assert a claim challenging his conviction and sentence in a §1983 action due to the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* prohibits a prisoner obtaining money damages in a § 1983 suit where a judgment in [his] favor "would necessarily imply the invalidity of his conviction or sentence." *Heck,* 512 U.S. at 487. This is so, unless "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

While Plaintiff's proper remedy might well be in a habeas proceeding, he must first exhaust all of his state court remedies. *Id.* at 487. The Court notes a glaring and fundamental pleading deficiency in that Plaintiff fails to assert whether he appealed the unidentified conviction and, if so, the outcome of that appeal. Ordinarily, when one challenges an allegedly wrongful conviction, the first and initial step is to challenge the conviction in the state court from which it issued, a remedy which is generally available to all litigants who come before the circuit courts of Illinois.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile due to the many reasons explained herein. As this dismissal is based in part, on *Heck v. Humphrey*, it is without prejudice. *See Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016) ("[a] dismissal under *Heck* and *Edwards* is without prejudice to litigation after a conviction or disciplinary sanction is annulled.") This case is closed.

2) Plaintiff must still pay the full docketing fee of $402 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

_ 2/8/2022
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE